**BRADFORD v. HARGIS, Commissioner of Labor, etc. \***

**No. 266.**

District Court, W. D. Missouri, Central Division.

Feb. 22, 1930.

---

*Decree vacated 51 S. Ct. ——, 75 L. Ed ——.

Harding, Murphy & Tucker, of Kansas City, Mo., for plaintiff.

Stratton Shartel, Atty. Gen., G. C. Weatherby, and Ray Weightman, Assts. Atty. Gen., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

## PER CURIAM.

The complainant is engaged in the business of operating an employment agency in Kansas City, Jackson county, Mo. Pursuant to the provisions of section 6751, Revised Statutes of Missouri 1919, complainant applied for and received a license authorizing him to conduct an employment agency. He alleges in his bill of complaint that he has complied with all the provisions of the law relative to employment agencies, and particularly with all the provisions of section 6751, excepting the following:

"Where a registration fee is charged for receiving or filing applications for employment or help, said fee shall, in no case, exceed the sum of one dollar, for which a receipt shall be given, in which shall be stated the name of the applicant, the amount of the fee, the date and the name or nature of the work to be done or the situation to be procured. In case the said applicant shall not obtain a situation or employment through such licensed agency within one month, after registration, as aforesaid, then said licensed agency shall forthwith repay and return to said applicant, upon demand being made therefor, the full amount of the fee paid or delivered by said applicant to said licensed agency."

Complainant alleges that, notwithstanding this provision of the statute, he charges applicants a registration fee in excess of $1, to wit, a fee of $2, and that he does not repay it in the event of failure to procure employment. The bill alleges that the defendant, as Commissioner of Labor and Industrial Inspector of the State of Missouri, is threatening to cancel the complainant's license and will do so unless restrained by this court. The matter is here on defendant's motion to dismiss the bill and on complainant's application for a temporary injunction.

One question only is presented. Is that part of section 6751 which fixes a maximum registration fee to be charged applicants by an employment agency constitutional? Does it violate the due process clause of article XIV of the Amendments to the Constitution?

The precise question here involved was decided by the Supreme Court in Ribnik v. McBride, 277 U. S. 350, 48 S. Ct. 545, 546, 72 L. Ed. 913, 56 A. L. R. 1327.

In the Ribnik Case the Supreme Court had before it a New Jersey statute which, although it did not itself prescribe maximum registration fees to be charged by employment agencies, did, as it was construed by the Supreme Court of New Jersey, empower the state labor commissioner to fix or limit the charges to be made by such agencies. The validity of this provision of the New Jersey statute was attacked as violative of the due process clause. Pointing out that the test of the power of a state to regulate charges to be made by any business of this general character is whether that business is one "affected with a public interest," the court held that an employment agency was not such a business. The court said:

"An employment agency is essentially a private business. True, it deals with the public, but so do the druggist, the butcher, the baker, the grocer, and the apartment or tenement house owner, and the broker who acts as intermediary between such owner and his tenants. Of course, anything which substantially interferes with employment is a matter of public concern, but in the same sense that interference with the procurement of food and housing and fuel are of public concern. The public is deeply interested in all these things. The welfare of its constituent members depends upon them. The interest of the public in the matter of employment is not different in quality or character from its interest in the other things enumerated; but in none of them is the interest that 'public interest' which the law contemplates as the basis for legislative price control. Wolff Co. v. Industrial Court, supra [262 U. S. 522, 536, 43 S. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280]. Under the decisions of this court it is no longer fairly open to question that, at least in the absence of a grave emergency (Tyson & Brother v. Banton, supra [273 U. S. 418, 431, 437, 47 S. Ct. 426, 71 L. Ed. 718, 58 A. L. R. 1236]), the fixing of prices for food or clothing, of house rental or of wages to be paid, whether minimum or maximum, is beyond the legislative power. And we perceive no reason for applying a different rule in the case of legislation controlling prices to be paid for services ren-

dered in securing a place for an employee or an employee for a place."

No distinction in principle can be drawn between the present case and the Ribnik Case. That case squarely holds that it is beyond the power of any state to regulate the fees charged for its services by an employment agency. The Missouri statute undertakes to do just that. It not only fixes the maximum fee which may be charged, thereby contravening the doctrine announced in the Ribnik Case, but it offends still further against the due process clause by requiring an employment agency to return to applicants even such fees as the statute authorizes, if employment is not actually secured by applicants within one month after registration. If to prescribe a maximum fee which may be charged for registration is, as the Supreme Court holds, an unlawful interference with the right of private contract, and therefore a taking of property without due process, a fortiori to require the return of fees after the services for which they were paid have been rendered is a taking of property without due process.

A strong and well-reasoned dissenting opinion was written in Ribnik v. McBride, supra, as was also the case in Tyson & Bro.-United Theatre Ticket Offices v. Banton, 273 U. S. 418, 47 S. Ct. 426, 71 L. Ed. 718, 58 A. L. R. 1236, which Ribnik v. McBride follows. The sole argument of the defendant in this case is based upon these dissenting opinions. Indeed, the brief filed by the defendant is but a reproduction of their argument. But we are bound by the decisions of the Supreme Court, however much we may have been impressed with the views of the dissenting justices.

Our conclusion is that so much of section 6751 as fixes a maximum registration fee to be charged by employment agencies is invalid. It follows that defendant's motion to dismiss must be overruled, and that a temporary injunction should issue restraining the defendant only from revoking complainant's license either on the ground that complainant charges a registration fee in excess of $1 or on the ground that it does not return registration fees where situations are not procured for applicants. It is not our intention that this injunction shall otherwise hinder any hearing to be conducted by the defendant or any order to be issued by her. A form of decree may be prepared and submitted for approval and entry.